MCP

**FILED**

SEP 14 2023 SMB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

United States District court
Northern District of illinois
Eastern Division

United States of America
Plantiff,

V.

NO: 22-CR-00395

Edson A. Resendez
Defendant

## Motion to Dismiss for lack of Personal jurisdiction

Now come, pro se Defendant, in the above styled and numbered case, and pursuant to the Federal Rule of criminal Procedure Rule 12(b)(1), and the tenth amendment to the united states constitution. Defendant, respectfully moves the court to dismiss the criminal Proceeding For lack of Personal jurisdiction for the following reason:

The act of congress has not delegated to the Judicial branch of federal district courts Personal jurisdiction in criminal proceedings. The only questions are whether 1.) When the constitution or federal law does not delegated to the judicial branch an enumerated Powers to exercise Personal jurisdiction does it violate the tenth amendment? 2.) When no statute grant

Pg.1 of 6

Personal Jurisdiction can federal courts exercise a common law jurisdiction in criminal cases?

## Analysis

The tenth amendment states: "The powers not delegated to the United States by the constitution, nor prohibited by it to the states, are reserved to the states respectively, or to the people."

In New York v. U.S., 505 U.S. 144, 155-56 (1992), The supreme court explained "if a power is delegated to congress in the constitution, the tenth amendment expressly disclaims any reservation of that power to the states, if a power is an attribute of state sovereignty reserved by the tenth amendment it is necessarily a power the constitution has not conferred on congress." see also U.S. V. Comstock, 560 U.S. 126, 143-44 (2010) ("virtually by definition, the enumerated powers are not powers that the constitution reserved to the states"); U.S. V. Wilson, 159 F.3d 280, 287 (7th cir. 1998) ("when congress acts pursuant to an enumerated power, there can be no violation of the tenth amendment"). The question of whether the tenth amendment has been violated is therefore the extent of congress enumerated powers.

To impose a duty on judges to exercise their judicial power within their jurisdiction, it is appropriate

to restate certain basic principles, that limit the power of every federal court. See U.S. V. Janik, 10 F.3d 470, 471 (7th cir. 1994) (federal courts are courts of limited jurisdiction); see also U.S. V. Moore, 954 F.3d 1322, 1332 (11th cir. 2020).

As to the creation district courts are constitutional courts contemplated by art. III, sec. 1 of the U.S. constitution. "The judicial power of the united states, shall be vested in one supreme court, and in such inferior courts as the congress may from time to time ordain and establish." U.S. const. Art III, sec. 1. In implementation of art. III, sec. 1, congress has created district courts" 28 U.S.C. § 132(a).

Article III, §2., gives to the federal judicial branch authority that is subject-matter jurisdiction over all cases arising under the laws of the united states, and by statute congress did so within 28 U.S.C. 41(2) this statute traces its ancestry to the first judiciary act of 1789 and was, in turn, the parent of today's 18 U.S.C. § 3231. "subject-matter jurisdiction in every federal criminal prosecutions comes from 18 U.S.C. § 3231, and there can be no doubt that article III permits congress to assing federal criminal prosecutions to federal courts." Hugi V. U.S., 164 F.3d 378, 380 (7th cir 1999).

The definition of "subject-matter jurisdiction" is "the jurisdiction of a court over the subject, type or cause of action of a case." black law dictionary.

The definition of "Personal jurisdiction" is "the jurisdiction of the court over the person of an individual or entity." black law dictionary.

There is no misunderstanding of the enumerated powers specifically named and delegated to the federal judicial branch by the constitution and statute, the authority is subject-matter jurisdiction, and not Personal jurisdiction in criminal proceedings. So to answer the first question, the powers not delegated to the United States judicial branch by the constitution to exercise personal jurisdiction violate the tenth amendment of the u.s. constitution. Personal jurisdiction is reserved to the states respectively, or to the people.

In this criminal proceeding in order for this court to exercise personal jurisdiction, congress enumerated powers must delegated to this court such jurisdiction." All federal courts created by the general goverment possess no jurisdiction but what is given them by the power that creates them, and can be vested with none but what the power ceded to the general goverment will authorize them to confer."

Pg.4 of 6    u.s.v. moore, 954 f.3d 1322, 1332 (11th cir. 2020)

(quoting United States v. Hudson, 11 U.S. 32). So to answer the second question with a negative proposition, there is no common law jurisdiction in criminal cases. See United States v. Hudson, 11 U.S. 32 (1812).

The precept follows from the reality that the constitution itself did not create the federal district courts jurisdiction in criminal proceedings, but authorized congress to do so. Furthermore, this district court can only exercise the authority delegated within enumerated powers authorized by congress under the constitution and statute. Personal jurisdiction is not part of the enumerated powers authorized under the constitution or statute to the judicial branch.

Therefore, defendant prays that this motion be granted, and I, EDSON A. Resendez, be discharge from federal custody forthwith.

## Certificate of service

I hereby certify that on september 7, 2023 I mail
the foregoing document to the clerk of the court,
and A.U.S.A cornelius vandenberg.

Respectfully submitted,
EDson A. Resendez, pro se.
Livingston county jail
844 w. Lincoln st.
Pontiac, IL. 61764
S/ EDson Resendez



OFFICIAL SEAL
CLIFTON D. POTTS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/07/2025

9/7/23

Pg. 6 of 6

# AFFIDAVIT

I, Edson A. Resendez, swear and file affidavit in support of motion to Dismiss for lack of Personal jurisdiction violating the tenth amendment.

1.) The Federal Rule of criminal Procedure 12(b)(1), Permit me to "raise by Pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. This gives me standing to raise the tenth Amendment as a defense that the court exercise of Personal jurisdiction is unconstitutional in violation of the Powers not delegated to the judicial branch.

2.) This federal court as opposed to state trial courts of general jurisdiction, is a court of limited jurisdiction marked out by congress. The constitution and act of congress has in specific terms conferred Art. III, jurisdiction on this district court concerning subject-matter under the language of 18 U.S.C. §3231. Illinois state courts are courts of general jurisdiction that have both "subject-matter" and "Personal" jurisdiction in criminal cases. I, object to the court exercise of Personal jurisdiction over my person before this district court. Such exercise of Personal jurisdiction by this court is unconstitutional in violation of the tenth Amendment of the U.S. constitution, It is necessarily a Power the constitution has not conferred on congress or the judicial branch.

See backside

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Edson Resendez
Livingston county jail
844 w. Lincoln st.
Pontiac, IL. 61764

Legal mail

CHAMPA __ IL 616 __
11 SEP 2023 22 5 L __

★★★
★
★
★
★
★ USA ★★

clerk, Northern District of illinois
united states District court
219 s. Dearborn st.
chicago, IL 60604

60604-180099

Legal mail

09/14/2023-11

FSC
MIX
Envelope
FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT 

© USPS 2019